**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY SPICKLER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 C 5083 |
| | ) | |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |
| RIGHTSIZE FACILITY PERFORMANCE, LLC, | ) | |
| and MASON AWTRY, | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff's motion for a protective order [79]. The motion is granted in part, as set forth herein. Status hearing remains set for 4/29/26 at 9:15 a.m.

Plaintiff filed suit against Rightsize Facility Performance, LLC and Mason Awtry alleging that Awtry sexually harassed Plaintiff, a Rightsize employee, and may have sexually assaulted her when she was unconscious. Plaintiff was scheduled to be deposed on March 6, 2026. The day before the deposition, Plaintiff's counsel inquired whether Defendant Awtry would be present at the deposition. When defense counsel confirmed that Mr. Awtry would be attending, Plaintiff's counsel cancelled the deposition and filed this motion for a protective order, asserting that good cause exists to exclude Mr. Awtry from in-person attendance at Plaintiff's deposition. Mr. Awtry denies Plaintiff's allegations and opposes the motion.

Rule 26(c) provides that "[t]he court may for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order "bears the burden of demonstrating why the order should be entered." *Stanek v. St. Charles Comm. Unit Sch. Dist. #303*, No. 13 C 3106, 2020 WL 1304828, at *3 (N.D. Ill. Mar. 19, 2020). Plaintiff asserts that requiring her "to testify in a small conference room in the presence of the man she accuses of sexually assaulting her would foreseeably create significant intimidation and emotional distress and materially impair her ability to testify freely." (Pl.'s Mot. Protective Order, Dkt. # 79, at 2.) An excerpt of Plaintiff's medical records, which Plaintiff provided for the Court's review, indicates that she was diagnosed in or around 2023 by Dr. David Jopp, a clinical psychologist, with post-traumatic stress disorder, panic disorder, and severe recurrent major depression disorder. Notes from a June 9, 2024 visit with Anna Mazek-Vann, a licensed clinical professional counselor, indicate that Plaintiff has been "struggling with stress associated with sexual assault and traumatic brain injury she experienced in 2022." Relying on *Stanek v. St. Charles Comm. Unit Sch. Dist. # 303*, 13 C 3106, 2020 WL 1304828 (N.D. Ill. Mar. 19, 2020), Awtry contends that Plaintiff must "'mak[e] a *specific and documented factual showing* that the deposition would be dangerous to the deponent's health,'"

and that "[c]onclusory or speculative statements about the harm that will be suffered – even if made by a treating physician – are insufficient to support entry of a protective order. . . .'" *Id.* at *3 (emphasis in *Stanek* and internal citations omitted). The *Stanek* court found the evidence supporting the plaintiff's request for the wholesale exemption from sitting for an oral deposition to be "stale and outdated" and that "none of the . . . documentation . . . addresses the hypothetical impact that sitting for an oral deposition would have on [the plaintiff's] health." *Id.* at *4. Awtry contends that Plaintiff has not made a sufficient showing allowing for the exclusion of Awtry from in-person attendance at Plaintiff's deposition.

As an initial matter, *Stanek* involved a request to completely bar the oral deposition of the plaintiff, who had been diagnosed with autism and major depressive disorder, among other things. Plaintiff does not seek to bar her own deposition, but to exclude Mr. Awtry. Regardless, the Court agrees that the complete exclusion of Mr. Awtry is unsupported here. However, the current state of technology allows for a reasonable and fair solution that protects the rights and interests of both parties—the remote attendance by Mr. Awtry.[1] The Court concludes, in the exercise of its discretion, that Plaintiff has pointed to sufficient evidence in support of her motion to allow Awtry to attend remotely. Specifically, in light of the complaint's allegations of sexual assault, the records provided by Plaintiff setting forth medical support for her diagnosis of PTSD, and the concerns raised by Plaintiff in her motion, the Court directs that Mr. Awtry attend Plaintiff's deposition remotely, in real-time. *See Austin v. Fordham Univ.*, No. 23 CIV. 4696 (JLR) (GS), 2024 WL 3161854, at *3 (S.D.N.Y. June 25, 2024) (in ruling on a similar motion for a protective order where the plaintiff alleged that a third-party defendant raped and sexually assaulted him, finding the individual's "legitimate interests are adequately protected by allowing [the third-party defendant] to observe the deposition [from a different office] and consult with his counsel in real time during the deposition."), and cases cited therein.

Plaintiff's deposition shall proceed at the office of defense counsel, with Mr. Awtry situated in a different office or conference room, allowing for sufficient proximity that Mr. Awtry could speak with his counsel during breaks in the deposition.[2] Mr. Awtry may view the deposition over FaceTime or other real-time audio/video communication platform. The deposition is not to be recorded in any way by any party or attendee unless the parties agree ahead of time to do so. If any type of recording is made without both parties' consent, the party taking or facilitating the recording will be sanctioned. Mr. Awtry may communicate with his counsel via text message, and defense counsel may pause the deposition to address Mr. Awtry's questions or concerns. If Mr. Awtry seeks to communicate with his counsel in person, defense counsel shall so indicate and a short break may be taken to allow the consultation, with defense counsel going to speak with Mr. Awtry where Mr. Awtry is located.

Mr. Awtry contends that physically excluding him from Plaintiff's deposition forces the Court to "improperly wade into the merits of the case." (Defs.' Resp., Dkt. # 80, at ¶ 5) (citing *Sincavage v. Schott N. Am.*, No. 3:18-CV-01231, 2019 WL 6280314, at *2 (M.D. Pa. May 30,

---

[1] Since the COVID-19 pandemic, depositions now routinely occur remotely.

[2] The Court further expects that counsel will take necessary steps to avoid Mr. Awtry and Plaintiff from having direct or indirect contact with each other at any point during the deposition or prior to the deposition.

2019)). The Court disagrees. The issue before the Court is whether Plaintiff has shown good cause to exclude Mr. Awtry from attending Plaintiff's deposition in person, not whether Plaintiff's allegations are true. The Court makes no finding on the merits of Plaintiff's claims or the veracity of her allegations.

While the Court acknowledges this procedure may extend the duration of the deposition, the Court finds in its discretion that this approach reasonably balances the parties' rights and concerns and the goals of Rule 26. In consideration of the possibility that this process may extend the deposition itself, the deposition shall not exceed eight hours. In addition, if Plaintiff seeks to attend Mr. Awtry's deposition, she may do so, and at Mr. Awtry's request, Plaintiff shall attend remotely under the same circumstances as ordered herein.

Status hearing remains set for 4/29/26 at 9:15 a.m.

**Date:** April 6, 2026

M. David Weisman

**M. David Weisman**
**United States Magistrate Judge**