**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY SPICKLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-CV-5083 |
| | ) | |
| v. | ) | Judge Jeremy C. Daniel |
| | ) | |
| RIGHTSIZE FACILITY PERFORMANCE, LLC and MASON AWTRY, | ) | **Magistrate Judge M. David Weisman** |
| | ) | |
| Defendants. | ) | |

**MOTION TO COMPEL DISCOVERY**

Plaintiff, Mary Spickler, by and through her counsel, WALLACE MILLER, and for her Motion to Compel Discovery Pursuant to Federal Rule of Civil Procedure 26, respectfully states as follows.

1. Plaintiff's cause of action in this matter stems from her repeated sexual harassment and eventual sexual assault at the hands of defendant, Mason Awtry, CEO of Rightsize Facility Performance, LLC ("Rightsize"), between the years of 2018-2022.

2. To date, the depositions of several Rightsize employees have been completed, including that of Human Resources Manager, Anna Rodriguez.

3. During her deposition, Ms. Rodriguez testified that Rightsize performed yearly surveys of Rightsize employees to gauge their satisfaction and address any complaints they might have, which sometimes included complaints about their "managers." Exhibit A, Dep. of Anna Rodriguez, Pgs. 162-164.

4. In her discovery requests to both Defendants, Plaintiff requested all documents related to any allegations of sexual harassment, abuse, or assault made against any employee of

Rightsize and documents relating to complaints or allegations of sexual harassment, gender discrimination, or retaliation by Mason Awtry. Exhibit B, Plaintiff's Request for Production to Defendant, Mason Awtry, Nos. 6-8, Exhibit C, Plaintiff's Request for Production to Defendant, Rightsize, Nos. 6-8.

5. No surveys have been produced to Plaintiff as of the date of filing, and based on conversations with Defendants' counsel, the surveys have not yet been reviewed for any responsive complaints. Therefore, it is possible that responsive complaints exist, but have not been produced.

6. Plaintiff's counsel therefore requested that Defendants supplement their discovery responses to produce any survey documents containing information responsive to Plaintiff's discovery requests while still at the deposition of Anna Rodroguez, during a phone conference with Defendants' counsel on June 25, 2026, and via email on July 7, 2026. Defendants have taken the position that they will not be producing these documents. Exhibit D, Email Chain.

7. Defense counsel claims that reviewing all of the surveys would be unduly burdensome, however based on Defendants' discovery responses, Rightsize has not had more than 100 employees at any relevant time, so there should not be less than 1,000 pages in total to review. Plaintiff has offered to take on the burden of reviewing all surveys if this is Defendant's concern. It is anticipated that any potential disclosure of surveys by Defendants would be dwarfed by the almost 3,000 pages defendants have already produced in discovery.

8. Under Rule 26, a party may obtain discovery on any non-privileged matter relevant to a party's claim or defense, and information need not be admissible in order to be discoverable. F. R. Civ. Pro. 26.

9. The burden of proving that Defendants had notice of Plaintiff's sexual harassment is upon the Plaintiff. *Zimmerman v. Cook County Sheriff's Dep't*, 96 F.3d 1017, 1018 (7th Cir.,

1996). The pervasiveness of harassment can support an inference that the employer should have known about it, as can complaints from persons other than the Plaintiff. *Id.* at 1019.

10. Other claims of sexual harassment in Defendants' possession are directly related to Plaintiff's claims that she was sexually harassed and assaulted by the CEO of Rightsize, as they would speak to Defendants' notice of the CEO's tortious conduct and potentially reveal additional witnesses who may have been aware of Defendant Awtry's behavior towards Plaintiff in this case.

11. Plaintiff will be obviously prejudiced if Defendants are not compelled to produce responsive surveys, as it will make it more difficult for plaintiff to satisfy her burden of proof in this case.

12. The potential prejudice to Plaintiff significantly outweighs any potential burden to the defendants in having to review said surveys for potential documents, as these documents are not voluminous and Plaintiff has offered to shoulder the weight of the review herself.

WHEREFORE, Plaintiff, Mary Spickler, respectfully requests that this Court enter an Order, compelling Defendants to produce any survey containing a complaint of sexual harassment or assault (or any complaint that can be interpreted as sexual harassment or assault based on Rightsize's policies), against any employee of Rightsize, including, but not limited to, Mason Awtry, for the years 2013 through 2022 (five (5) years prior to her employment through the year of her resignation), and for any other relief the Court deems just.

DATED: July 13, 2026

Respectfully submitted,

/s/ *Molly C. Wells*

Molly C. Wells (6320461)
Alexandrea M. Messner (6334481)
**WALLACE MILLER**
200 W. Madison St., Suite 3400

Chicago, IL 60606
Phone: (312) 261-6193
Email: mcw@wallacemiller.com
amm@wallacemiller.com

**ATTORNEYS FOR PLAINTIFF**