# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY SPICKLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-CV-5083 |
| | ) | |
| v. | ) | Judge Jeremy C. Daniel |
| | ) | |
| RIGHTSIZE FACILITY PERFORMANCE, LLC and MASON AWTRY, | ) | **Magistrate Judge M. David Weisman** |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT, MASON AWTRY**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, MARY SPICKLER, by and through her counsel, WALLACE MILLER, hereby serve the following Requests for Production upon the Defendant, MASON AWTRY.

I. **DEFINITIONS**: The following definitions apply to these discovery requests:

a. "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether done in writing, verbally, or using some other means of transmission.

b. "CONCERNING," "RELATING TO" and "RELATED TO" mean referring to, regarding, describing, evidencing, constituting, discussing, memorializing, summarizing, recording or providing evidence of a subject matter.

c. "DEFENDANT," "YOU" and "YOUR" mean and refer to the Defendants named in the caption of this case, including without limitation their respective officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, businesses or legal entities, if any, acting or purporting to act for or on any Defendant's behalf.

d. "DOCUMENT" shall have the same full meaning as Federal Rule of Civil Procedure 34, and shall include, without limitation, all typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in Your possession, custody, or control; or in the possession, custody or control of any servant or agent of You or of Your attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice Communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The term "Document" included any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such Documents, whether or not used, as well as the file in which the Documents are maintained. A draft or non-identical copy of a Document, including a copy or duplicate of a Document that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate Document within the meaning of these terms.

e. "ELECTRONICALLY STORED INFORMATION" and "ESI" include, without limitation, the following:

i. Activity listings of electronic mail receipts and/or transmittals;

ii. Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines,

electronic mail, Slack or Microsoft Teams instant messaging (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

iii. Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant or smartphone.

iv. AI-generated summaries, transcripts, or recordings of meetings, including but not limited to those conducted via Microsoft Teams, Zoom, or other virtual meeting platforms.

v. Any other electronic or digital communications, including posts, comments, or direct messages on internal or external collaboration tools or platforms.

f. "EMPLOYEE" means an individual that was either employed by you or was considered as a potential job candidate at any point during the Relevant Time Period and who did or would have performed any of their duties in the State of Illinois, including anyone hired directly by you or through a Third Party such as a Staffing Agency.

g. "TITLE VII" refers to Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e, *et seq.*

h. "IDENTIFY" when referring to a Document means to provide the following information: (a) the type of Document, (b) its general subject matter, (c) the date of the Document, and (d) the Document's author(s), addressee(s), and recipients(s).

i. "IDENTIFY" when referring to a Person means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, the present or last known place of employment. Once a Person has been identified in accordance with this subsection, only the Person's name need be listed in response to subsequent discovery requesting the identification of that PERSON.

j. "PERSON" means and includes a human being, individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entity.

k. "PLAINTIFF" means Mary Spickler, her representatives, and all other Persons or businesses or legal entities acting or purporting to act for or on her behalf.

l. "POLICY" or "POLICIES" means any practice, procedure, directives, routine, rules, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were recognized, adopted, issued or followed by You.

m. The "RELEVANT TIME PERIOD" is January 1, 2018 to the present.

n. "THIRD PARTY" means any Person not employed or owned by Defendant.

II. **RULES OF CONSTRUCTION:** The following rules of construction apply to these discovery requests:

a. All/Each. The terms "all" and "each" shall be construed as all and each.

b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

c. Number. The use of the singular form of any word includes the plural and vice versa.

## III. INSTRUCTIONS

a. Unless otherwise indicated, these requests shall pertain to the time period from January 1, 2018, to the present and shall include all Documents and information relating in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

b. All information is to be divulged that is an Your possession or control or within the possession or control of Your employees, agents, investigators, business affiliates, or other representatives.

c. You are to answer each Interrogatory by providing all responsive information. If You object to any Interrogatory, specify the part to which You object, state Your objections, provide all factual and legal justifications that You believe support Your objections, and respond fully to the remainder to which You do not object.

d. Where an Interrogatory calls for an answer in more than one part, each part should be separated in the answer so that the answer is clearly understandable.

e. If You invoke your option to produce one or more Documents as all or part of Your response to an Interrogatory, the Document(s) must Identified clearly, e.g. by bates number, in Your written response to the Interrogatory.

f. If You cannot respond fully and completely to any interrogatory or part thereof, after exercising due diligence to secure the requested information (a) state Your inability to answer; (b) explain the reason for this inability, and (c) provide

whatever information or knowledge You have Concerning the information requested in the Interrogatory.

g. These Interrogatories are continuing. To the extent that Defendant obtains information or documents responsive to these discovery requests after filing its answers but prior to the commencement of trial or hearing, Defendant is required to file and serve upon Plaintiff such supplementary responses in a timely manner, in accordance with Fed. R. Civ. P. 26(e).

h. Every Document of a party generated by an attorney shall be signed by at least one attorney of record in the attorney's individual name. The attorney's address shall be stated. The signature of the attorney or party constituted a certification that to the signer's knowledge, information, and belief formed after reasonable inquiry, the response or objection is:

   i. Well-grounded in fact and warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

   ii. Not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

## IV. ASSERTION OF CLAIM OR PRIVILEGE

a. The following rules concerning the assertion of a claim or privilege apply to these Interrogatories:

   i. In Your answer to any Interrogatory that You fail to answer in whole or in part on the ground that the information sought involves a Document or Communication that You contend is protected from disclosure, state in detail: (a) the portion of the Interrogatory to which the answer is claimed

to be privileged; and (2) every fact and/or law upon which You base Your claim of privilege or other protection.

ii. For each Document you claim is privileged from disclosure, provide the following information concurrently with your Responses:

1. the exact privilege being claimed;
2. the type and nature of the Document (*e.g.*, a letter);
3. the general subject matter of the Document;
4. the date of the Document;
5. all authors and recipients of the Document;
6. the attorney(s) whose involvement with the Document generated the privilege; and
7. any other information needed to identify the Document and assess the claim of privilege.

b. For each Communication you claim is privileged from disclosure, provide the following information concurrently with your Responses:

i. the exact privilege being claimed;
ii. the type and nature of the Communication (*e.g.*, a telephone call);
iii. the general subject matter of the Communication;
iv. the date of the Communication;
v. all parties to the Communication;
vi. the attorney(s) whose involvement with the Communication generated the privilege; and

vii. any other information needed to identify the Communication and assess the claim of privilege.

## INTERROGATORIES

**REQUEST FOR PRODUCTION NO. 1:** All documents concerning or relating to Plaintiffs' employment with Defendants, including without limitation applications, resumes, background checks, records requests, questionnaires, screenings, check-in sheets, notes, forms, onboarding documents, Plaintiffs' applications, disciplinary records, and any post-offer health assessment or health evaluation of Plaintiffs.

**REQUEST FOR PRODUCTION NO. 2:** All documents concerning or relating to Defendant, Mason Awtry's employment with Defendants, including applications without limitation, resumes, background checks, records requests, questionnaires, screenings, check-in sheets, notes, forms, onboarding documents, applications, disciplinary records, and any post-offer health assessment or health evaluation of Defendant.

**REQUEST FOR PRODUCTION NO. 3:** All documents, including without limitation employee manuals, outlines, scripts, templates, flowcharts, matrices, and other Documents, used to train you on sexual harassment/abuse/assault.

**REQUEST FOR PRODUCTION NO. 4:** All documents, containing the policies and procedures of Rightsize Facility Performance, LLC for all relevant times alleged in Plaintiff's Complaint, including, but not limited to, employee manuals, safety manuals, training documents, handouts, presentations, and/or any other document referencing the policies of Rightsize Facility Performance, LLC.

**REQUEST FOR PRODUCTION NO. 5:** All documents related to the allegations contained in Plaintiff's complaint including correspondence, reports (internal or otherwise, i.e. police reports), photographs/videos, disciplinary records and/or any other records created in connection with or referencing the events contained in Plaintiff's complaint.

**REQUEST FOR PRODUCTION NO. 6:** All documents related to any other allegations of sexual harassment, abuse, and/or assault made against any employee of Rightsize Facility Performance, LLC, including, but not limited to, correspondence, reports (internal or otherwise, i.e. police reports), photographs/videos, disciplinary records, and/or any other record created in connection with an allegation of sexual harassment, assault, and/or abuse.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents relating to any complaints, allegations, or charges of sexual harassment, sexual misconduct, gender discrimination, or retaliation made against you, including but not limited to formal or informal complaints, internal or external investigations, HR reviews, or correspondence discussing such matters.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents relating to any lawsuit, administrative charge, arbitration, or grievance in which you were accused of sexual harassment, sexual misconduct, gender discrimination, or retaliation, including pleadings, filings, and any settlement, release, or confidentiality agreements resolving such matters.

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents from your personnel, employment, or disciplinary files reflecting any complaints, investigations, findings, warnings, training, remedial measures, or disciplinary actions taken as a result of allegations of sexual harassment, sexual misconduct, gender discrimination, or retaliation involving you.

**REQUEST FOR PRODUCTION NO. 10:** All documents related to any other allegations of sexual harassment, abuse, and/or assault made against any you at any point in your life, including, but not limited to, correspondence, reports (internal or otherwise, i.e. police reports), photographs/videos, disciplinary records, and/or any other record created in connection with an allegation of sexual harassment, assault, and/or abuse.

**REQUEST FOR PRODUCTION NO. 11:** All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse you for payments made to satisfy all or part of any judgment.

**REQUEST FOR PRODUCTION NO. 12:** All documents, including without limitation any report, opinion, physical model, compilation of data, or other Document written, prepared adopted, or approved by an expert used by you for consultation, even if it was prepared in anticipation of litigation or for trial, which forms a basis either in whole or in part of the opinion of any expert whom you intend to call as a witness in this matter.

**REQUEST FOR PRODUCTION NO. 13:** The resume and bibliography comprising the last four (4) years, of any expert whom you intend to call as a witness, and a list of the matters in which they have previously testified.

**REQUEST FOR PRODUCTION NO. 14:** All documents, including without limitation communications, tangible things, reports, models, or data compilations that were provided to or reviewed by any expert whom you intend to call as a witness in this matter, that the expert considered in forming their opinion in this litigation.

**REQUEST FOR PRODUCTION NO. 15:** All invoices, bills, and other billing materials for each expert whom you intend to call as a witness.

**REQUEST FOR PRODUCTION NO. 16:** All communications between you (and/or your attorneys) and any expert whom you intend to call as a witness in this matter.

**REQUEST FOR PRODUCTION NO. 17:** All documents that you contend support any of your defenses in this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:** All statements or notes of statements, interviews, or conferences of all persons who claim to have knowledge of any issue raised herein whether written or oral, signed or unsigned, verbatim or narrative, including recorded statements and police reports.

**REQUEST FOR PRODUCTION NO. 19:** All documents relating to the physical or mental condition of Plaintiff prior and subsequent to the alleged occurrence, including, inter alia, injuries sustained in other accidents, including any surveillance films or notes regarding surveillance.

**REQUEST FOR PRODUCTION NO. 20:** A copy of all records related to policies and procedures for screening, hiring, and training of Rightsize Facility Performance, LLC employees, agents, independent contractors, and/or volunteers as of the date of the alleged occurrence including, but not limited to, training manuals, hiring manuals, and screening procedures.

**REQUEST FOR PRODUCTION NO. 21:** Any correspondence or communication with the Plaintiff or any of Plaintiffs' family members regarding any of the allegations contained in Plaintiff's Complaint, written, electronic or otherwise, known by or in possession of any Defendant and/or Defendants' employees, agents, volunteers, and/or representatives.

**REQUEST FOR PRODUCTION NO. 22:** Copies of all internal memos, emails, or other communications discussing the allegations in this case

**REQUEST FOR PRODUCTION NO. 23:** Copies of any/all documents relied upon by the Defendant in drafting their Answers to the Plaintiff's Interrogatories.

**REQUEST FOR PRODUCTION NO. 24:** Produce copies of all subpoenas issued in this case and all documentation received in response to any subpoenas.

**REQUEST FOR PRODUCTION NO. 25:** All documents, exhibits, or other tangible evidence that the party or witness intends to use at trial/arbitration.

**REQUEST FOR PRODUCTION NO. 26:** It is further requested that the Defendant furnish an affidavit at the time of production stating whether the production is complete or in what respect it is incomplete.

Prepared by:

By: *<u>/s/ Alexandrea M. Messner</u>*
Attorney for the Plaintiff

WALLACE MILLER
Molly C. Wells (6320461)
Alexandrea M. Messner (6334481)
200 W. Madison Street, Suite 3400
Chicago, IL 60606
Phone: (312) 261-6193
Fax: (312) 275-8174
Email: mcw@wallacemiller.com
amm@wallacemiller.com

**CERTIFICATE OF SERIVCE**

I, Alexandrea M. Messner, an attorney, on oath certify that on August 22, 2025, I caused a true and correct copy of the foregoing, **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT, MASON AWTRY**, to be served by e-mail to the following attorneys of record:

**ATTORNEYS FOR DEFENDANT:**

Steven J. Molitor, Jr.
Ryan T. Benson
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, IL 60601
rbenson@ohaganmeyer.com
smolitor@ohaganmeyer.com

*/s/ Alexandrea M. Messner*

Molly C. Wells
Alexandrea M. Messner
200 W. Madison St., Suite 3400
Chicago, IL 60606
Phone: (312) 261-6193
Email: mcw@wallacemiller.com
amm@wallacemiller.com