**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY SPICKLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-CV-5083 |
| | ) | |
| v. | ) | Judge Jeremy C. Daniel |
| | ) | |
| RIGHTSIZE FACILITY PERFORMANCE, LLC and MASON AWTRY, | ) | **Magistrate Judge M. David Weisman** |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO TAKE DEPOSITION OF THOMAS CASTLEVECCHI**

Plaintiff, Mary Spickler, by and through her counsel, WALLACE MILLER, and for her Motion for Leave To Take Deposition of Thomas Castlevecchi Pursuant to Federal Rules of Civil Procedure 26 and 30(a)(2), respectfully states as follows.

1. Plaintiff's cause of action in this matter stems from her repeated sexual harassment and eventual sexual assault at the hands of defendant, Mason Awtry, CEO of Rightsize Facility Performance, LLC ("Rightsize"), between the years of 2018-2022.

2. To date, the depositions of several Rightsize employees have been completed, including that of former Rightsize employee, Alex Puscheck.

3. During her deposition, Ms. Puscheck testified that upon the beginning of her employment with Rightsize, she was warned by a Rightsize supervisor named Thomas Castlevecchi to stay away from Rightsize CEO and Defendant, Mason Awtry. Exhibit A, Deposition of Alex Puscheck, 63:9-65:11. She also testified that after leaving Rightsize, Castlevecchi told her that he gave her that warning based on his treatment of female employees, and that he was aware of other troubling conduct by Defendant Mason Awtry.

4. Thomas Castelvecchi's name has also come up in a prior legal Judgment involving Defendant Mason Awtry, as he testified against Mason Awtry in his capacity as Controller at Rightsize. In that case, his duties were identified as including human resources, handling of employee complaints, and payment of Awtry's company credit card. He testified that Awtry used his company credit on expenses including gambling casinos and "gentlemen's club[s]." Exhibit B, Memorandum and Judgment in Cook Co. Case No. 14-D-080196, Pgs. 7-8.

5. As such, following the deposition of Ms. Puscheck, and due to the quickly approaching deadline to complete fact depositions, Plaintiff issued a subpoena for deposition to Thomas Castelvecchi on June 25, 2026. Exhibit C, Subpoena for Deposition to Thomas Castelvecchi.

6. Defense counsel subsequently objected to the subpoena, as Rule 30(a)(2) prevents the taking of more than 10 depositions without leave of court, and Plaintiff had already noticed 10 depositions in this matter.

7. Under Rule 26, a party may obtain discovery on any non-privileged matter relevant to a party's claim or defense, and information need not be admissible in order to be discoverable. F. R. Civ. Pro. 26.

8. Under Rule 30(a)(2), a party must seek leave of court to take more than 10 depositions. F. R. Civ. Pro. 30.

9. The burden of proving that Defendants had notice of Plaintiff's sexual harassment is upon the Plaintiff. *Zimmerman v. Cook County Sheriff's Dep't*, 96 F.3d 1017, 1018 (7th Cir., 1996). The pervasiveness of harassment can support an inference that the employer should have known about it, as can complaints from persons other than the Plaintiff. *Id.* at 1019.

10. Based on the testimony of Alex Puscheck, in addition Mr. Castlevecchi's prior experience working for Rightsize and his testimony against Awtry in prior legal proceedings, it is anticipated that Mr. Castelvecchi will have information relevant to Plaintiff's notice argument in this case.

11. Plaintiff will be obviously prejudiced if not allowed to complete the deposition of Thomas Castlevecchi, as he holds knowledge directly relevant to the Plaintiff's case and will be instrumental in her ability to meet her burden of proof.

12. Mr. Castelvecchi has already acknowledged receipt of the subpoena and has agreed to be available for his deposition, once the Court has granted leave for the deposition to proceed. As such, Plaintiff is hopeful this deposition can be completed either within the time allotted by the court, or within a short period of time thereafter.

WHEREFORE, Plaintiff, Mary Spickler, respectfully requests that this Court enter an Order allowing the deposition of Thomas Castlevecchi to proceed, and for any other relief the Court deems just.

DATED: July 13, 2026

Respectfully submitted,

/s/ *Molly C. Wells*

Molly C. Wells (6320461)
Alexandrea M. Messner (6334481)
**WALLACE MILLER**
200 W. Madison St., Suite 3400
Chicago, IL 60606
Phone: (312) 261-6193
Email: mcw@wallacemiller.com
amm@wallacemiller.com

**ATTORNEYS FOR PLAINTIFF**