**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARY SPICKLER,<br><br>Plaintiff,<br><br>v.<br><br>RIGHTSIZE FACILITY PERFORMANCE, LLC and MASON AWTRY,<br><br>Defendants. | Case No.: 24-cv-5083<br><br>Judge Jeremy C. Daniel<br><br>Magistrate Judge M. David Weisman |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE DEPOSITION OF THOMAS CASTELVECCHI**

Defendants, RIGHTSIZE FACILITY PERFORMANCE OF ILLINOIS, LLC ("Rightsize"), named incorrectly by Plaintiff as RIGHTSIZE FACILITY PERFORMANCE, LLC, and MASON AWTRY ("Awtry"), by and through their attorneys, O'Hagan Meyer LLC, respond to Plaintiff's Motion for Leave to Take Deposition of Thomas Castelvecchi as follows.

1. Plaintiff has taken already taken ten depositions in this case and fact discovery closes today, July 24, 2026.

2. "Where a party seeks to exceed the [ten] depositions allowed by Rule 30(a)(2)(A)(i), as is the case here, that party bears the burden to demonstrate justification for them." *Valdez v. City of Chicago*, 2021 WL 5278714, at *1 (N.D. Ill. Jul. 28, 2021). And to satisfy that burden, "a particularized showing for the need for such deposition" is required. *Kibbons v. Taft Sch. Dist. 90*, 2023 U.S. Dist. LEXIS 251682, at *6 (N.D. Ill. June 27, 2023) (quoting *Valdez*, 2021 WL 5278714, at *1) (citing *Heilman v. Burke*, 2020 WL 4816387, at *2.

3. Plaintiff has not satisfied this burden.

4. She merely argues that she needs to take Mr. Castelvecchi's deposition to explore whether he might have information that can help her prove that Rightsize had notice that *Mason Awtry was sexually harassing Plaintiff*. [Motion for Leave, at ¶ 9]. But Mr. Castelvecchi cannot possibly help Plaintiff establish that Rightsize was on notice that Mason Awtry was sexually harassing her because he left Rightsize in March 2017 [Defendants' Exhibit 1, at 10:11-4] and Plaintiff did not begin working for Rightsize or allegedly suffer any sexual harassment until 2018 [CM/ECF Document #28, at ¶¶ 11, 15]. Simply put, Mr. Castelvecchi could not have witnessed or been aware of any workplace harassment that Plaintiff alleges she experienced during her employment, which did not overlap with his employment.

5. And if Plaintiff had a particularized need to depose Mr. Castelvecchi about Mason Awtry allegedly using his company credit card at casinos and gentlemen's clubs (during Mr. Castelvecchi's employment and before Plaintiff's tenure), she would have sought to depose him sooner (or opted to depose him instead of one of the other witnesses she deposed). Indeed, she has been aware of this information since at least May 22, 2026, when she used Exhibit B as an exhibit at Mason Awtry's deposition, despite not having produced it in discovery. Regardless, she has failed to articulate any need to do that either.

6. The transparent reality here is that Plaintiff simply wants to fish for inadmissible propensity and character evidence but has failed entirely to support the propriety of such a fishing expedition. Fed. R. Civ. P. 404(b)(1) (providing that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character").

7. In sum, Plaintiff has failed to demonstrate a particularized need for Mr. Castelvecchi's deposition, and the Court should deny her request for leave to take it.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's motion for leave and grant any other relief it deems appropriate.

Respectfully submitted:

/s/ Steven J. Molitor, Jr.
One of Defendants' Attorneys

Ryan T. Benson (ARDC No. 6312338)
Steven J. Molitor, Jr. (ARDC No. 6317574)
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
rbenson@ohaganmeyer.com
smolitor@ohaganmeyer.com