**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARY SPICKLER,<br><br>Plaintiff,<br><br>v.<br><br>RIGHTSIZE FACILITY PERFORMANCE, LLC and MASON AWTRY,<br><br>Defendants. | Case No.: 24-cv-5083<br><br>Judge Jeremy C. Daniel<br><br>Magistrate Judge M. David Weisman |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendants, RIGHTSIZE FACILITY PERFORMANCE OF ILLINOIS, LLC ("Rightsize"), named incorrectly by Plaintiff as RIGHTSIZE FACILITY PERFORMANCE, LLC, and MASON AWTRY ("Awtry"), by and through their attorneys, O'Hagan Meyer LLC, respond to Plaintiff's Motion to Compel Discovery as follows:

1. At her deposition, Anna Rodriguez—Rightsize's former human resources manager—testified as follows:

> Q. Did Rightsize ever conduct anonymous employee surveys about workplace culture?
> A. We did.
> Q. And what were the results of those surveys?
> A. I mean, there was a long list of them. Some people would complain that they wanted to be paid more. Some people would say, I don't know, they wanted additional outside time. Some people would say they wanted more time off. It could go in any direction. Some people would be vague and say they don't love their manager. But it was an anonymous company-wide survey that goes out annually.

[Plaintiffs Exhibit A, at 162:23 – 163:14].

2. Based on this testimony, Plaintiff: 1) speculates that, somewhere in these anonymous company survey responses, which some employees used to complain about their own

pay, time off, working hours, and managers, another employee complained *that Mason Awtry was sexually harassing Plaintiff* [Motion to Compel, at ¶¶ 9-10]; 2) argues that, if she is deprived of any such anonymous complaints, it will be more difficult for her satisfy her burden of proving that *Rightsize was on notice that Mason Awtry was sexually harassing Plaintiff* [*Id.* at ¶¶ 9-10]; and 3) ultimately—and nonsensically—demands that Rightsize dig through *10 years' worth* of anonymous survey responses for anything that can be interpreted as a complaint of sexual harassment against *anybody* at Rightsize, *including from a five-year period during which Plaintiff was not even employed by Rightsize* [*Id.* at Request for Relief].

3. As an initial matter, Plaintiff misrepresents the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. She is not entitled to discover anything that is relevant to her claims—she is entitled to discover information "that is relevant to any party's claim or defense **and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1)(emphasis added).

4. Accordingly, under Fed. R. Civ. P. 26(b)(1), the "mere hope" alone of uncovering something useful is insufficient to support a request for discovery—and a speculative request amounting to a "fishing expedition" is plainly improper. *Helping Hand Caregivers, Ltd. v. Darden Rests., Inc.*, 900 F.3d 884, 890 (7th Cir. 2018). But that is exactly what Plaintiff relies on to support her request: mere speculation and hope. Ms. Rodriguez maintained the survey responses. [Plaintiff's Exhibit A, at 163:16-21]. And she testified that she was not aware of any complaints of sexual harassment other than: 1) Plaintiff's complaint of sexual harassment, which she suddenly

made during her exit interview; and 2) the complaint of one other female employee. *Id.* at 161:8-23. Thus, there is absolutely no indication that these anonymous survey results contain some complaint from another employee alleging that Plaintiff was being sexually harassed by Mason Awtry.

5. Tellingly, Plaintiff's counsel did not even ask Ms. Rodriguez whether any of the anonymous company culture survey results contained allegations that Mason Awtry was sexually harassing Plaintiff—or follow up at all on what was in the survey results after Ms. Rodriguez described generally what they contained. Instead, she decided to insist on the production of all the survey data. [Plaintiff's Exhibit A, at 163:22 – 164:5].

6. This is because Plaintiff is not seeking to dig through the survey results for the purpose she represents to the Court (and because she has no genuine need to so dig). Indeed, if her goal *was* to explore whether Rightsize was on notice that Mason Awtry was sexually harassing Plaintiff (despite Plaintiff's failure to report any harassment), then her request for relief would have logically followed her argument. Instead, however, she asks the Court to order Defendant to dig through 10 years' worth of information and produce anything that could be interpreted as an allegation of sexual harassment by anybody, including during a 5-year period preceding Plaintiff's employment (which obviously would not help her whatsoever in establishing that Rightsize had notice that Mason Awtry was sexually harassing her).

7. The transparent reality here is that Plaintiff simply wants to fish for inadmissible propensity and character evidence but has failed entirely to support the propriety of such a fishing expedition. Fed. R. Civ. P. 404(b)(1) (providing that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character").

8. In sum, Plaintiff's motion to compel is based on nothing but speculation and hope, her claim of relevance is illusory given her illogical request for relief, and permitting a fishing expedition through 10 years' worth of information (much of which Plaintiff does not even attempt to argue is relevant) would not be proportional to the needs Plaintiff articulates.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's motion to compel and grant any other relief it deems appropriate.

Respectfully submitted:

*<u>/s/ Steven J. Molitor, Jr.</u>*
One of Defendants' Attorneys

Ryan T. Benson (ARDC No. 6312338)
Steven J. Molitor, Jr. (ARDC No. 6317574)
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
rbenson@ohaganmeyer.com
smolitor@ohaganmeyer.com